IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| NICOLE A. MARCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTON NO.: |
| ) | CV:_____ |
| ) | |
| BEST BUY CORPORATION; ) | |
| GEEK SQUAD TECHNICAL SUPPORT, ) | |
| ) | |
| Defendants. ) | |

## PARTIES

1. Nicole A. March is a citizen of the State of Alabama and resides in Tuscaloosa, Alabama.

2. Best Buy Corporation is a corporation incorporated under the laws of a state other than Alabama with its headquarters and principal place of business located in the State of Minnesota.

3. Geek Squad Technical Support is a wholly owned subsidiary or service owned and operated by Best Buy Corporation which was merged into Best Buy Corporation and for purposes of citizenship is identical with the Defendant, Best Buy Corporation.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court by virtue of 28 U.S.C. §1332, diversity of citizenship, and the amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs. Venue is appropriate in this Court since all

activities made the subject of this action originated and occurred within Tuscaloosa County, Alabama.

## FACTUAL BACKGROUND

5. Plaintiff, Nicole A. March, is an art student at the University of Alabama with a special emphasis in sculpture. Plaintiff is a citizen and resident of the State of Alabama and has been employed at the Tuscaloosa location (store number 1540) of Defendant, Best Buy Corporation. In her artistic endeavors and with an interest in the human body, Plaintiff has, from time to time, had professional and privately made nude photographs of herself which she stored on her personal computer for private, personal and professional reference and use.

6. In August, 2011, Plaintiff was experiencing difficulty with the hard drives of her computer. Plaintiff brought the computer to Best Buy's Geek Squad Technical Support to retrieve the data she had stored on her computer's hard drives. Plaintiff was a customer of that service and entity and paid for the data rescue services in the amount of $131.25 as indicated on the receipt which recorded this transaction on August 18, 2011, and is attached hereto as Exhibit A and made a part of this complaint. In becoming a customer of Defendants, Plaintiff relied upon the terms and conditions of her agreement with Defendants and the privacy policy and expectations that accompanied this service for rescue of data for their customers. Plaintiff's computer and hard drives were left with Defendant's agents and employees for performance of the work and service requested and paid for by Plaintiff until the work was performed and the materials returned to Plaintiff.

7. On May 13, 2013, Nathaniel Smith, an employee of the Geek Squad, corresponded with Plaintiff to inform her that he had nude photographs of her and to let her know 'they were circulating.' These were the photographs that were on the computer accessed

by employees/agents of the Defendants. These sensitive and private photographs were uploaded to the internet and published by Defendants' employees/agents on Piratebay.sx and/or other public torrent links and thereby made accessible to others under a file name that identified the Plaintiff. This was done without the knowledge or consent of Plaintiff, and she learned of this activity only after being informed by Nathaniel Smith that he had been sent this link by another of Defendants' agents/employees named Edwin Kinloch. On May 13, 2013, Plaintiff notified the general manager of this local Best Buy store, Shannon Watson, about these activities she had just discovered. On May 17, 2013, Plaintiff was contacted by a Geek Squad agent, Charles Scarborough, who informed her that he had discovered the culprit. Charles Scarborough also informed Plaintiff that actions were being taken to delete evidence of her photographs and images and then requested that she do him "the favor of not asking who the culprit was." On May 20, 2013, Plaintiff filed a report with the Tuscaloosa Police Department about this situation, (case number 130520181). Plaintiff further informed the Tuscaloosa Police that Human Relations at Defendant, Best Buy Corporation, had informed her that the Defendants had established a case number for her complaint as 1-11896067.

## COUNT I:  INVASION OF PRIVACY

8.  Plaintiff avers that Defendants, separately and severally, acting by and through their agents/employees have committed the tort of invasion of privacy against Plaintiff. Defendants stole private and sensitive photographs of Plaintiff while working on Plaintiff's computer hard drives and published those photographs to the internet. Defendants also linked the photographs and images to distribution sites such as Pirate Bay so these private and sensitive images could be viewed by others in a prurient and disgusting manner without the knowledge or consent of Plaintiff. Those photographs were published under a file name that

publicly identified the Plaintiff as the subject of the photographs. Additionally, Plaintiff's face is also identifiable in the photographs. Defendants' actions have violated this Plaintiff's right of privacy without her knowledge or consent, and constitute a violation of the law as well as the privacy policy and awareness/expectations Plaintiff was relying upon in becoming a customer of Defendants and giving access to these hard drives so the services paid for could be accomplished by data rescue for the Plaintiff's private purposes. As a proximate consequence thereof, Plaintiff has been caused to suffer severe mental anguish, embarrassment and humiliation from now knowing these, private and sensitive photos have been published and made accessible to untold and innumerable persons for improper use and viewing.

## COUNT II: OUTRAGEOUS CONDUCT.

9.     Plaintiff further avers that Defendants, separately and severally, acting by and through their agents and employees have committed the tort of outrageous conduct by accessing Plaintiff's private photographs and publishing such material in an outrageous manner to be available to untold and innumerable persons as described above. This conduct was utterly reprehensible and cannot be tolerated in a civilized society where a customer entrusts her computer to a service for repair and rescue only to have sensitive and private data, images and information uploaded to public links for use by strangers and the public at large. As a proximate consequence of this outrageous conduct that would foreseeably expose the Plaintiff customer to prurient voyeurs and others who should not have had the ability to access and view the sensitive and private data, images and information, Plaintiff has been caused to suffer severe and foreseeable mental anguish, embarrassment and humiliation by this conduct.

## COUNT III:  BREACH OF CONTRACT

10. Plaintiff further avers that Defendants breached the expressed and implied assurances and contractual obligations for privacy and non-disclosure of the private and sensitive data this customer had on her computer hard drives.  This contractual obligation and assurance was an essential and material part of the agreement to allow Defendants to work on Plaintiff's computer and was used to induce such agreement and payment for the rescue services described hereinabove.  The important privacy aspect of this contract was known and anticipated by Defendants to be connected to matters of mental solicitude and personal security and peace of mind.  As a proximate consequence of this breach of contract Plaintiff was caused to suffer severe mental anguish, embarrassment and humiliation, and she did not receive the secure services for which she bargained and paid.

## COUNT IV:  NEGLIGENT SUPERVISION, TRAINING, AND ENTRUSTMENT

11. Plaintiff further avers that Defendants were negligent in their failure to properly train, instruct, supervise and oversee the sensitive work of their agents/employees to prevent the accessing and publication or improper use of data images and information on Plaintiff's computer hard drives as set forth above.  Defendants were negligent in entrusting computers and hard drives containing private customer information to the agents/employees involved in this matter. Defendants knew or had reason to know that agents/employees had in the past or would foreseeably in the future misuse, abuse or publicize private and sensitive material that they had access to by reason of this type of work for customers like Plaintiff.  Defendant failed to take reasonable and proper steps to train supervise and oversee such work despite notice of the likely temptations on the part of their agents/employees once given access to materials such as are involved in this matter.  As a proximate consequence thereof, Plaintiff was caused to

suffer the publication of the private and sensitive material and to suffer severe mental anguish, embarrassment and humiliation. Defendants have further failed to take adequate steps to fully and properly investigate this matter and to take corrective measures and accept accountability for the reported and confirmed misconduct set forth herein. This failure amounts to the ratification of the conduct.

## COUNT V: NEGLIGENCE AND WANTONNESS

12.   Plaintiff further avers that Defendants were negligent and/or wanton in causing or allowing the use and abuse of Plaintiff's private and sensitive material for the prurient purposes of their agents/employees and others by publication set out in detail above. As a proximate consequence thereof, Plaintiff was caused to suffer severe mental anguish, embarrassment and humiliation. This negligent or reckless conduct was in violation of known duties and responsibilities and with conscious and callous disregard of its foreseeable consequences.

Wherefore, Plaintiff demands judgment against Defendants, separately and severally, in such sums of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

Stephen D. Heninger  (ASB-5227-e68s)

/s/ Gayle L. Douglas
GAYLE L. DOUGLAS (ASB-6971-e63d)

Attorney for Plaintiff

**Plaintiff demands trial by struck jury on all issues raised herein.**

/s/ Stephen D. Heninger
STEPHEN D. HENINGER (ASB-5227-e68s)

OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310
Birmingham, Alabama  35202
Telephone:    (205) 326-3336
Facsimile:    (205) 326-3332
E-mail:       Steve@hgdlawfirm.com

**Plaintiff's Address:**

2224 1st Avenue North
Birmingham, AL  35203

**Defendant's Address:**

Best Buy Corporation
1800 McFarland Blvd E,
Tuscaloosa, AL  35404
(205) 247-4039